CLAUDE BATES, JR. *v.* STATE OF INDIANA.

[No. 270S35. Filed September 8, 1971.
Rehearing denied December 2, 1971.]

Palmer K. Ward, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, Robert A. Zaban, Deputy Attorney General, for appellee.

DEBRULER, J.—This is an appeal from a conviction in the Marion Criminal Court, Division 2. Appellant was charged by indictment as follows: Count One—robbery; Count Two—rape; Count Three—commission of a felony while armed with a deadly weapon. Trial was had by court and the appellant was adjudged guilty of Counts One and Two—robbery and rape.

Appellant's only allegation of error is that the evidence is insufficient to support the finding of the trial court as to the charge of rape. Specifically the appellant alleges that the record is devoid of evidence to prove that the act of intercourse was committed against the will of the victim.

In reviewing the allegation of insufficient evidence this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and reasonable inferences therefrom which support the finding of the trial court. Asher v. State (1969), 253 Ind. 25, 244 N. E. 2d 89. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. Smith v. State (1970), 254 Ind. 401, 260 N. E. 2d 558.

The salient facts may be summarized as follows: The prosecuting witness, a seventy-one year old woman testified that on the morning of May 30, 1969, the appellant whom she had known for about eight years, came to her home at about 8:00. Appellant requested permission to use the bathroom and then asked for a drink of water. The appellant then walked up

behind the witness and "put his arm under my neck and had a paring knife in my back". The appellant demanded "some damn money". The witness screamed and was struck by the appellant knocking her unconscious for a period of about five minutes. When she came to, the appellant choked her until she escaped by "scooting" under a table. She then told the appellant that her money was upstairs in a pocketbook and at appellant's insistence, she went upstairs to get the money. She further testified that the appellant followed her upstairs, where after receiving three dollars from her, he threw her on the bed and raped her. She further stated that by the term "rape" she meant sexual intercourse. She testified his penis was in her and that after the incident her privates were very sore. Appellant then told the witness that "if you tell anybody what happened today I'm going to come back and kill you."

Indianapolis Police Officer John Lund testified that he investigated this case and that he had observed a small puncture wound in the back of the prosecuting witness. He further testified that he had questioned the appellant and that after being properly warned of his rights against self-incrimination and right to counsel the appellant signed a waiver of those rights. Officer Lund then questioned the appellant and the officer's handwritten notes taken at the time of questioning were introduced into evidence. These notes and Officer Lund's testimony revealed that the appellant admitted choking the witness and robbing her but he denied the rape.

On the basis of the foregoing evidence we are not constrained to say that the evidence is insufficient to support a finding of guilt to the charge of rape.

It is a reasonable inference from the evidence that the appellant engaged in a course of violent and threatening conduct which continued through the act of sexual intercourse. We hold the evidence to be sufficient to support the findings of the trial court that the act of intercourse took place without the consent of the prosecuting witness.

There being no other allegation of error the verdict of the trial court is affirmed.

Arterburn, C. J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 272 N. E. 2d 609.